IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEFFERY PRATT, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. 20-cv-00816-SRB |
| SHERIFF TONY R. HELMS, et al., | ) ) ) |
|     Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment. (Doc. #44.) As set forth below, the motion is GRANTED.

### I. FACTUAL BACKGROUND

For the purpose of resolving the pending motion, the following facts are uncontroverted or deemed uncontroverted by the Court. Additional facts relevant to the parties' arguments are set forth in Section III.

On December 16, 2011, Plaintiff Jeffery S. Pratt ("Plaintiff") was assaulted outside of his home in Camden County, Missouri. Plaintiff was struck from behind and did not see who attacked him. However, Plaintiff believes one of the assailants had previously dated his daughter and the other assailant was that individual's cousin.

On May 8, 2012, Plaintiff reported the assault to the Camden County Sheriff's Office ("Camden County"). Defendant Sheriff Tony Helms ("Defendant Sheriff Helms"), Lieutenant Joe Botta ("Defendant Botta"), Sheriff's Deputy Bill Mullins, and Detective Roger Sloan (collectively, "Defendants") are or were associated with Camden County at the time of the report. Camden County conducted an initial investigation, but then sent Plaintiff's report to the

Missouri Attorney General on June 16, 2015. The Missouri Attorney General's office decided not to file criminal charges.

After the Missouri Attorney General decided not to prosecute, Plaintiff filed a civil lawsuit against the individuals he believed attacked him. Former Camden County Deputy Donna Stone was deposed as part of the civil lawsuit. Ms. Stone testified she had investigated Plaintiff's assault prior to Camden County referring the matter to the Missouri Attorney General's Office. During the investigation, Defendant Botta told Ms. Stone that one of the alleged suspects was related to an employee at the Camden County Court. Defendant Botta informed Ms. Stone that the employee had significant influence in the courthouse and "there's absolutely no way [Ms. Stone] was going to get . . . the prosecutor to file charges" against the suspect. (Doc. #47-2, p. 7.)[1] After this conversation, Ms. Stone ended her investigation.

Plaintiff ultimately dismissed his civil lawsuit against the alleged assailants. Plaintiff claims he dismissed the lawsuit only after Ms. Stone's deposition testimony. Specifically, because "the investigation was not proper and was missing too much information to proceed forward based on the familial relation of the alleged [suspects] to the Camden County judicial clerk." (Doc. #47, p. 2.)[2]

On October 9, 2020, Plaintiff filed the pending lawsuit. Plaintiff alleges that Defendants did not investigate his assault because "the alleged suspects were related to a Camden County judicial clerk." (Doc. #45, p. 2.) Plaintiff claims Defendants violated "his rights under the 14th Amendment of the United States Constitution Equal Protection and Due Process Clause . . . without due process of law by intentionally failing to investigate and actively covering up a

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

[2] For purposes of this Order, the Court assumes without deciding that Defendants did not adequately investigate Plaintiff's assault.

crime." (Doc. #1, ¶ 37.) Plaintiff further alleges that Defendant Sheriff Helms "makes the rules and policies for Camden County Sheriff's Department" and "failed to properly train and supervise Defendants." (Doc. #47, pp. 3, 7.) Plaintiff asserts a claim under 42 U.S.C. § 1983 and the Missouri Constitution, and seeks compensatory damages and an award of attorneys' fees.[3]

Defendants now move for summary judgment under Federal Rule of Civil Procedure 56. Defendants argue the § 1983 claim must be dismissed because Plaintiff lacks evidence showing that Camden County was deliberately indifferent to the training or supervision of its officers, and/or that Camden County had an official policy or custom that caused a constitutional violation. Defendants argue Plaintiff's claim under the Missouri Constitution is not viable because the Missouri legislature has not enacted an enabling statute. Plaintiff opposes the entry of summary judgment.[4]

## II. LEGAL STANDARD

Under Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of identifying "the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence

---

[3] Plaintiff's Complaint also attempts to state a claim for civil conspiracy. However, Plaintiff's opposition brief does not mention this claim. To the extent Plaintiff attempts to assert such a claim, he has not presented evidence sufficient to show the existence of a conspiracy among the Defendants. *See Saunders v. Thies*, 38 F.4d 701, 715 (8th Cir. 2022) (enumerating elements of a civil conspiracy claim).

[4] Defendants also filed a pending Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. #42.) In that motion, Defendants argue that Plaintiff lacks standing because an individual does not have a constitutional right to have state actors properly investigate an alleged crime. The Court agrees and finds that Plaintiff lacks standing. *See Andrews v. Fowler*, 98 F.3d 1069, 1078-79 (8th Cir. 1996) (finding that crime victim's § 1983 claim based on a failure to investigate "did not rise to the level of a separate constitutional violation"); *Scher v. Chief Postal Inspector*, 973 F.2d 682, 683-84 (8th Cir. 1992) (finding "no independent constitutional right" to an investigation of alleged wrongdoing). Nonetheless, Defendants' motion for summary judgment "assume[s] [Plaintiff's] claim is . . . viable as a civil rights violation[.]" (Doc. #45, p. 6.) For purposes of this Order, the Court makes the same assumption and analyzes whether Plaintiff has produced evidence sufficient to withstand summary judgment.

3

of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (cleaned up). If the moving party makes this showing, "the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id.* If there is a genuine dispute as to certain facts, those facts "must be viewed in the light most favorable to the nonmoving party." *Id.*

### III. DISCUSSION

#### A. § 1983 Claim

Under § 1983, a state actor may be sued for violating an individual's rights under the United States Constitution. 42 U.S.C. § 1983. "Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). An official-capacity suit should "be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* (emphasis in original).

To prevail on a § 1983 official-capacity claim, a plaintiff must show that the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (citation and quotation marks omitted). There must be a "causal link" between the alleged constitutional violation and the policy, custom, or deliberately indifferent failure. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *see also Waters v. Madson*, 921 F.3d 725, 743 (8th Cir. 2019) ("There must be a causal connection between the municipal policy or custom and the alleged constitutional violation in order to state a valid claim under § 1983.")

4

In this case, Plaintiff has sued each Defendant in their official capacity only. (Doc. #45, p. 3; Doc. #47, p. 4.) As such, Plaintiff's claims are construed as being asserted against the applicable governmental entity—Camden County. *Kentucky*, 473 U.S. at 166. Defendants argue summary judgment is warranted because Plaintiff lacks evidence that would establish any basis for liability under § 1983. In response, Plaintiff contends he has evidence showing the improper investigation was caused by a failure to train/supervise, and/or by an official policy or custom. These arguments are addressed below.

### 1. Training/Supervision

To avoid summary judgment on a § 1983 claim for failure to train and/or supervise, a plaintiff must present evidence showing that: (1) defendant's training or supervision practices were inadequate; (2) defendant was deliberately indifferent to the rights of others in adopting such practices; and (3) that any training or supervisory deficiencies actually caused the plaintiff's constitutional deprivation. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). The record must support a finding "that the policymakers of the [county] can reasonably be said to have been deliberately indifferent to the need" for additional or different training/supervision. *Andrews*, 98 F.3d at 1076.[5] "In other words, the plaintiff must demonstrate that the [county] had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Id.*

In this case, Plaintiff argues that Defendant Sheriff Helms "failed to properly train and supervise Defendants." (Doc. #47, p. 7.)[6] Plaintiff contends that Defendant Sheriff Helms

---

[5] A claim for failure to train and for failure to supervise "ultimately require the same analysis." *Liebe v. Norton*, 157 F.3d 574, 579 (8th Cir. 1998).

[6] Although neither party expressly addresses this issue, the Court assumes that "the actions of the [s]heriff [are] deemed [the] actions of the County." *Liebe*, 157 F.3d at 578.

5

testified that he "reviewed Plaintiff's investigative [assault] file and found nothing wrong [and] refuse[d] to even look into the allegations of unconstitutional conduct by Camden County's Sheriff's Department [which] shows a deliberate indifference to the supervision and training of the other Defendants." (Doc. #47, p. 7.)

Plaintiff also points to two other lawsuits brought by other individuals "against Sheriff Helms also alleging failure to train and supervise and constitutional violations by Sheriff's deputies." (Doc. #47, p. 8.) Plaintiff argues these other lawsuits support a finding of deliberate indifference and that Defendants had notice of inadequate training and/or supervision. Finally, Plaintiff also relies on his expert witness, Jim Jackson, who opines that Defendants' investigation of Plaintiff's assault was deficient.

Upon review, the Court finds Plaintiff has failed to present evidence sufficient to support a finding that any training or supervision was "constitutionally deficient." *Andrews*, 98 F.3d at 1077. In particular, Plaintiff has not presented any evidence regarding the specific training or supervision received by any Defendant. Similarly, the record does not contain evidence that Defendants did not receive adequate training, or were inadequately supervised, regarding the investigation of alleged crimes.

Conversely, Defendants have presented evidence that they received proper training. Plaintiff does not dispute that "at all relevant times . . . each of the name[d] Defendants, were trained law enforcement officers who had completed police academies, were certified by Missouri's Peace Officers Standards and Training Commission, and received on-the-job training[.]" (Doc. #45, p. 3; Doc. #47, p. 4.) "Several cases in this circuit have held that attendance at a training academy and on-the-job training is sufficient for proper training." *Tucker v. Evans*, 276 F.3d 999, 1003 (8th Cir. 2002) (citing cases).

6

Case 4:20-cv-00816-SRB   Document 50   Filed 08/24/22   Page 6 of 12

The record also does not contain evidence of deliberate indifference to the rights of others regarding training or supervision. *Ulrich*, 715 F.3d at 1061. Plaintiff argues that Defendant Sheriff Helms's "refusal to even look into the allegations of unconstitutional conduct by Camden County Sheriff's Department shows a deliberate indifference to the supervision and training of the other Defendants." (Doc. #47, p. 7.) But whether or not Defendant Sheriff Helms subsequently agreed or disagreed with Defendants' investigation of Plaintiff's assault does not create a genuine fact dispute on deliberate indifference. Defendant Sheriff Helms did not take office as Sheriff until January 2017, which was after Defendants' allegedly deficient investigation. "Any failure to act occurring [after the alleged improper investigation] does not show that the County was deliberately indifferent to the risk of [an improper investigation]" at the time Plaintiff reported his assault. *Liebe*, 157 F.3d at 580.

The two unrelated civil lawsuits cited by Plaintiff also does not support a finding of deliberate indifference. As Defendants note, these two lawsuits "were not filed until 2020 at the earliest" and "post-date [Defendants' improper investigation] by several years." (Doc. #49, p. 7.) Consequently, these two lawsuit are insufficient to show that Defendants had prior notice of the need for additional or different training/supervision. In addition, the two unrelated lawsuits involved employment discrimination and sexual assault allegations. Neither case involved the type of failure to investigate allegations asserted by Plaintiff in this case, and do not show that Defendants had prior notice of a deficiency in investigating alleged crimes.

Similarly, Plaintiff's expert report only discusses the alleged improper investigation of Plaintiff's assault. The expert report does not show that Defendants had prior notice of inadequate training/supervision that was likely to result in a constitutional violation. Under these facts, Plaintiff has failed to present evidence that "the need for more or different training [or

7

supervision] was so obvious and the inadequacy so likely to result in the violation of constitutional rights, that the County can reasonably be said to have been deliberately indifferent." *Liebe*, 157 F.3d at 579 (alterations omitted).

Finally, assuming Plaintiff had presented evidence of inadequate training or supervision, and evidence of deliberate indifference, he must also show that those inadequacies "actually caused" the improper investigation of his assault. *Andrews*, 98 F.3d at 1076. The record does not support such a finding in this case. Plaintiff has presented evidence which arguably suggests a causal link between familial relations and an improper investigation. However, Plaintiff has not presented evidence which suggests that any failure to train/supervise itself caused a faulty investigation. *See City of Canton v. Harris*, 489 U.S. 378, 391 (1989) ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program.")

### 2. Policy/Custom

A § 1983 official-capacity claim may also be based on an official government policy or unofficial custom. "To prove the existence of a policy, a plaintiff must point to an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marsh v. Phelps Cnty.*, 902 F.3d 745, 752 (8th Cir. 2018). "[O]fficial policy often refers to formal rules or understandings—often but not always committed to writing—that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-481 (1986).

To establish a custom, a plaintiff must present evidence of three elements: "(1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the

governmental entity's employees; (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) The plaintiff's injury by acts pursuant to the governmental entity's custom, *i.e.,* proof that the custom was the moving force behind the constitutional violation." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (alterations omitted).

In this case, Plaintiff argues that "whether the Court considers it a policy or a custom[,] it is clear that a decision has been made by the decision maker for the Camden County Sheriff's Department to not look into allegations of misconduct and to discriminate against citizens and allow their deputies to do the same." (Doc. #47, p. 11.) In support, Plaintiff argues that:

> at his deposition[,] Defendant Helms testified he looked over [Plaintiff's] investigative file and found nothing wrong and did nothing to investigate into [Plaintiff's] allegations[,] thereby ratifying the conduct of the officers and making it policy and custom in Camden County to not follow the policies and procedures[,] which [Plaintiff's expert] Jim Jackson identified as falling below the minimum law enforcement standard in his report as what an appropriate investigation would have required.

(Doc. #47, p. 3.)

Upon review, the Court finds that Plaintiff has failed to present evidence of a policy or custom as required by § 1983. First, Defendant Sheriff Helms's deposition testimony in this case does not show that a policy or custom caused an improper investigation of Plaintiff's assault. For example, in *Waters*, the plaintiff alleged that "Chief Wise—an official policymaker—ratified the officers' actions during the . . . incident when he determined the officers acted lawfully and closed [plaintiff's] formal complaint." *Waters*, 921 F.3d at 743. The Eighth Circuit affirmed the dismissal of plaintiff's claim because "Chief Wise's after-the-fact determination did not cause the alleged violations of [plaintiff's] constitutional rights." *Id.*

The same conclusion is warranted in this case. Even assuming Defendant Sheriff Helms subsequently approved of the assault investigation, this "after-the-fact determination did not cause" the alleged improper investigation. *Id.* Consequently, Defendant Sheriff Helms's deposition testimony does not show that a policy or custom caused any injury to Plaintiff.

Second, "[e]vidence that a police department failed to investigate previous incidents *similar to the incident in question* may support a finding that a municipal custom exists[.]" *Mettler*, 165 F.3d at 1205. Plaintiff argues a policy or custom exists based on the sexual assault and employment discrimination cases filed against one or more of the Defendants. However, as discussed above, those cases are not factually similar to this case. In particular, neither of those cases involved allegations of an improper investigation of an alleged crime, much less of improper investigations based on familial relations.

Third, Plaintiff's expert report addresses Defendants' alleged deficiencies in investigating Plaintiff's alleged assault. The expert report does not identify any other instance of an improper investigation by any Defendant. A reasonable jury could not find a custom based on this report because it does not identify a widespread pattern of unconstitutional conduct. *Kelly v. City of Omaha*, 813 F.3d 1070, 1076 (8th Cir. 2016) ("Kelly also failed to allege any facts relating to other perpetrators or victims of such conduct, which might have indicated that sexual harassment was sufficiently widespread among City officials[.]"); *Elbert v. City of Kansas City*, 2019 WL 1374570, at * 3 (W.D. Mo. Mar. 26, 2019) ("Plaintiff has not identified any other transgressions that have occurred despite his own; therefore, Plaintiff cannot demonstrate a pattern of unconstitutional conduct has taken place.").

Finally, Defendants have presented declarations which state that Camden County's policy is "to conduct thorough, fair, and impartial investigations of reported crimes." (Doc. #45-2,

p. 2.) Plaintiff has failed to present evidence of a different policy, or other evidence which could support a contrary finding. For all these reasons, summary judgment is granted in favor of Defendants on Plaintiff's § 1983 claim.

### B. Claim Under the Missouri Constitution

Plaintiff asserts a claim for violation of his rights under the Missouri Constitution. This claim is based on the same set of facts discussed above. Defendants move for summary judgment on this claim and argue that "unlike Congress which has enacted 42 U.S.C. § 1983 to permit private actions to enforce federal constitutional rights, the Missouri General Assembly has not passed a similar enabling statute for the Missouri Constitution." (Doc. #45, p. 8.) Plaintiff's opposition brief does not argue that this claim is viable.

Upon review, the Court finds that Plaintiff's claim under the Missouri Constitution is not cognizable. "No Missouri precedent exists permitting suits for monetary damages by private individuals resulting from violations of the Missouri Constitution." *Collins-Camden P'ship v. County of Jefferson*, 425 S.W.3d 210, 214 (Mo. App. E.D. 2014.) "The Missouri General Assembly has not enacted similar legislation [to § 1983]. Whether such a cause of action should be permitted is best left to the discretion of the General Assembly." *Moody v. Hicks*, 956 S.W.2d 398, 402 (Mo. App. E.D. 1997). Even if Plaintiff could state a claim under the Missouri Constitution, it would be dismissed for the same reasons as the § 1983 claim.

For all these reasons, summary judgment is granted in favor of Defendants on Plaintiff's claim under the Missouri Constitution.

### IV. CONCLUSION

Accordingly, it is hereby ORDERED that Defendants' Motion for Summary Judgment (Doc. #44) is GRANTED and this case is DISMISSED WITH PREJUDICE. It is further

ORDERED that Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. #42) is DENIED AS MOOT.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2022